**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **HABIB MAJID**, <br><br> Defendant. | Criminal Action No. 21-325 (ZNQ) <br><br> **OPINION** |

**QURAISHI, District Judge**

  **THIS MATTER** comes before the Court upon Defendant Habib Majid's ("Defendant") Motion for Early Termination of Post-Release Supervision (the "Motion"). (ECF No. 118). In support of Defendant's Motion, Defendant filed the Affirmation of Elena Fast (ECF No. 118-1) and a Memorandum of Law for Early Termination of Post-Release Supervision (Def.'s Mem., ECF No 118-2). The Government opposes Defendant's Motion (the "Opposition"). (Opp'n Br., ECF No. 120).

  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the reasons set forth below, the Court will **DENY** Defendant's Motion.

**I. SUBJECT MATTER JURISDICTION**

  This Court has jurisdiction over this case pursuant to 18 U.S.C. § 3231.

1

II. **BACKGROUND AND PROCEDURAL HISTORY**

On July 2, 2020, Defendant was charged with conspiracy to commit bank fraud. (ECF No. 1). Defendant pled guilty to that offense on April 21, 2021 (ECF No. 94) and was sentenced to one year and one day of imprisonment followed by a term of supervised release for three years. (ECF No. 107 at 2–3). The three-year period of supervised release began on April 3, 2023. (Def.'s Mem. 1). As a part of Defendant's plea agreement, he waived his "right to file any appeal, any collateral attack, or any other writ or motion…which challenges the sentence imposed by the sentencing court." (ECF No. 96 at 9). Schedule A to Defendant's plea agreement provides:

> Habib Majid knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level.

(*Id.*). On May 28, 2025, Defendant moved for early termination of supervised release. (ECF No. 118). The Government filed its Opposition on August 13, 2025. (ECF No. 120).

III. **DISCUSSION**

  A. **WAIVING THE RIGHT TO CHALLENGE HIS SENTENCE**

Waivers in plea agreements are nothing new or unusual, and courts in the Third Circuit have long enforced their terms. *See United States v. Damon*, 933 F.3d 269, 272 (3d Cir. 2019) (citing *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001)). These waivers will be enforced if a district court concludes that (1) the issue the defendant pursues is within the scope of the waiver; (2) the defendant knowingly and voluntarily agreed to the waiver; and (3) enforcing the waiver would not be a miscarriage of justice. *See id.* (citing *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)). When determining whether the issue pursued by a defendant falls within the scope of the waiver, courts in the Third Circuit are guided by rules of contract interpretation. *See*

*id*. at 272–73. Thus, "the first step is to decide whether the plea agreement is ambiguous or unambiguous." *Id*.

In Defendant's plea agreement, he waived his right to "file any…motion…which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range." (ECF No. 96 at 9). The term "sentence" includes "all forms of punishment or penalties imposed on a defendant," including terms of supervised release. *Damon*, 933 F.3d at 273. This understanding of the term "sentence" is further supported by the plea agreement itself. Under the heading "sentencing", the plea agreement provides that the sentencing judge "may require the [Defendant] to serve a term of supervised release of not more than five years." (ECF No. 96 at 2). Accordingly, the three-year term of supervised release is a part of Defendant's sentence. Since Defendant waived his right to file any motion to challenge his sentence, has not argued that his waiver was not made knowingly and voluntarily, and enforcing the terms of the waiver would not be a miscarriage of justice, Defendant's Motion is denied.

**B.     EARLY TERMINATION UNDER 18 U.S.C. § 3583**

Additionally, even if Defendant's Motion falls outside of the scope of his plea agreement, Defendant is not entitled to early termination of supervised release under 18 U.S.C. § 3583(e). The statute provides, in relevant part:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e). The cited section 3553(a) factors include the following:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate

> deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Sheppard*, 17 F.4th 449, 455 (3d Cir. 2021) (quoting *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020)). It is not required that a district court make specific findings of fact with respect to each of the factors. *United States v. Melvin*, 978 F.3d 49, 52–53. (3d Cir. 2020). Instead, "a statement that [the district court] has considered the statutory factors is sufficient." *Id*. After considering these factors, a district court "may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id*. at 52 (quoting 18 U.S.C. § 3583(e)(1)). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id*. (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). Although new or unforeseen circumstances are not required, early termination of supervised release will generally only be proper when the district court is satisfied that new or unforeseen circumstances warrant it. *See id*. at 53.

Defendant seeks early termination of his supervised release because his "supervision has been without incident, and he satisfies all the factors set forth for early termination." (Def.'s Mem. 3). Defendant notes that while on supervised release he has "worked continuously", "has incurred no court-reported violations during his term of post-release supervision", has demonstrated his "ability to lawfully self-manage beyond the period of supervision", "is up to date with his

restitution payments", does not require any "programming or counseling", and "engages in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision." *Id.*

The Government opposes the motion, emphasizing that there are "no new or unforeseen circumstance[s]" that justify early termination of supervised release. (Opp'n Br. 5). The Government further argues that Defendant's success on supervised release does not favor early termination, but rather is evidence of the program's success. *Id.*

Having considered each of the submissions filed in connection with the Motion and the relevant statutes, the Court will deny Defendant's request for early termination of his supervised release under 18 U.S.C. § 3583(e). As an initial matter, the Court acknowledges that Defendant's role in the criminal activity was minor and he "demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged." (P.S.R. ¶ 145). Moreover, the Court accepts that Defendant has been compliant with the terms of supervised release and his apparent rehabilitation into society.

However, Defendant has not shown how his conduct would justify early termination of supervised release, nor how early termination would be "in the interest of justice." 18 U.S.C. § 3583(e). First, simply complying with the terms of supervised release is insufficient to justify early termination of supervised release in this case. *See United States v. Dziesiuta*, Cr. No. 20-339, 2022 WL 876758, at *3 (D.N.J. Mar. 24, 2022). Rather, Defendant's compliance "is precisely what is expected of [him]." *Id.* (quoting *United States v. Stiso*, Cr. No. 14-484, 2021 WL 1291648, at *3 (D.N.J. Apr. 6, 2021)); *see also United States v. Arrington*, Cr. No. 14-104, 2024 WL 3648672, at *3 (D.N.J. Aug. 5, 2024) (holding that a "defendant's routine compliance with the

terms of supervision", without more, do not "justify early termination of supervised release"); *United States v. Griffin*, Cr. No. 16-479, 2024 WL 1928455, at *2 (D.N.J. May 1, 2024) (same). Second, Defendant has not put forward any reason to show how early termination of supervised release would be in the interest of justice. Defendant spent a limited amount of time in the Bureau of Prisons' custody, so supervised release remains a central part of assisting Defendant with reintegration by providing structure and supervision. If the Court were to terminate supervised release now, it could undermine Defendant's positive trajectory. Moreover, even though Defendant played a minor role in the criminal activity, his period of supervised release continues to serve as a deterrent factor for him and other would-be criminal actors. Accordingly, in light of the Court's consideration of the § 3553(a) factors, and having determined that granting Defendant's requested relief is not in the interests of justice, the Court declines to exercise its discretion to terminate Defendant's supervised release.

## IV.   CONCLUSION

For the reasons stated above, the Court will **DENY** Defendant's Motion for Early Termination of Post-Release Supervision. An appropriate Order will follow.

Date: September 11, 2025

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
